SECOND DEPARTMENT, SEPTEMBER, 1979

(September 4, 1979)

■    TWO STAR FILMS, INC., Respondent, v MOVIETONEWS, INC., et al., Appellants, et al., Defendants.—Appeal by defendants Movietonews, Inc., Twentieth Century-Fox Film Corporation and William R. Fisher from an order of the Supreme Court, Nassau County, dated July 25, 1978, which denied their motions for partial summary judgment. Order affirmed, with $50 costs and disbursements. In this case, plaintiff Two Star Films, Inc. (Star) seeks, *inter alia,* damages from defendant Movietonews, Inc. (Movietonews) and others for violation of the contract between Star and Movietonews. The primary issue concerns the meaning of a 1966 contract which

grants Star the right to distribute a series of 39 motion pictures in the United States and Canada. Star claims that the contract makes its distribution right exclusive while the appellants dispute that interpretation. The appellants argue that the agreement is clear and that the parol evidence rule must be applied. Paragraph 1 of the 1966 agreement in controversy reads: "Movietone hereby grants to Star, in perpetuity, the right to distribute the Pictures for exhibition solely in 16 mm and 8 mm form non-theatrically in the United States and Canada. Star may retain all revenues from the foegoing [sic] distribution without any obligation to account to Movietone therefor. Star agrees not to sell outright any prints of any of the Pictures. The Term 'non-theatrical' shall mean places of exhibition having no admission charge but not including television. Nothing herein contained shall be deemed to affect the right of Movietone to utilize for any purpose the film footage used in the Pictures." Special Term denied the appellants' motions for partial summary judgment declaring that "the movants have not established to the satisfaction of the Court that * * * the parties clearly and unambiguously intended to grant plaintiff something other than sole and exclusive distribution rights in the United States and Canada." While we have no difficulty in reading the first sentence of paragraph 1 as conferring only a nonexclusive right, the last sentence of the same paragraph can be read to imply that Star's right of distribution is exclusive since Movietonews' reservation as to its own use of film footage would otherwise be redundant. Thus, Special Term's conclusion as to ambiguity was justified. Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.